IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESSERA, INC. and TESSERA ADVANCED TECHNOLOGIES, INC., | ) ) ) ) |
| Plaintiffs, | ) ) C.A. No. 16-380-LPS-CJB ) |
| v. | ) ) ) **JURY TRIAL DEMANDED** |
| BROADCOM CORPORATION, | ) ) |
| Defendant. | ) |

**LETTER REGARDING IDENTIFICATION OF ACCUSED PRODUCTS
AND CORE TECHNICAL DOCUMENT PRODUCTION**

FARNAN LLP

Brian E. Farnan (NO. 4089
Michael J. Farnan (No. 5165
919 North Market Street
12th Floor
Wilmington, DE 19801
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Attorneys for Plaintiffs
TESSERA, INC. AND TESSERA
ADVANCED TECHNOLOGIES, INC.

*Of Counsel:*
COVINGTON & BURLING LLP
Robert T. Haslam
Anupam Sharma
Thomas E. Garten
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
*rhaslam@cov.com*
*asharma@cov.com*
*tgarten@cov.com*

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

Attorneys for Defendant
BROADCOM CORPORATION

*Of Counsel*:
KILPATRICK TOWNSEND &
STOCKTON LLP
David E. Sipiora
dsipiora@kilpatricktownsend.com
Suite 600, 1400 Wewatta Street
Denver, Colorado 80202

Robert J. Artuz
rartuz@kilpatricktownsend.com
Kevin J. O'Brien
kobrien@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, California 94111

**Error!**

SF: 248333-8

| | |
|---|---|
| Michael K. Plimack<br>Nitin Subhedar<br>Dale A. Rice<br>One Front Street<br>San Francisco, CA  94111-5356<br>*mplimack@cov.com*<br>*nsubhedar@cov.com*<br>*drice@cov.com*<br><br>Laura E. Muschamp<br>Christopher K. Eppich<br>Kathryn Garcin<br>1999 Avenue of the Stars<br>Suite 1500<br>Los Angeles, CA  90067-6045<br>*lmuschamp@cov.com*<br>*ceppich@cov.com*<br>*kgarcin@cov.com* | Jonathan D. Olinger<br>jolinger@kilpatricktownsend.com<br>Suite 2800, 1100 Peachtree Street NE<br>Atlanta, Georgia  30309-4528<br><br>FOLEY & LARDNER LLP<br>Ramy E. Hanna<br>rhanna@foley.com (No. 5494)<br>Steven J. Rizzi<br>srizzi@foley.com<br>90 Park Avenue<br>New York, NY 10016-1314 |

Dated: September 27, 2016

**Error!**

Dear Judge Burke,

      The parties provide the following update relating to Tessera's identification of accused products and the core technical documents to be produced by Broadcom.

<u>Tessera's Position</u>: Broadcom represents that there *could be* 1-3 packaging types for each product, each of which *may have* multiple variants. The patents may cover a large number of products, but the extensive use of a patent does not excuse discovery. Tessera has identified and offered to review the following documents, as to all patents, to determine if discovery can be further limited and/or to identify representative products: (1) documents that identify the meaning behind the markings Broadcom uses on its products and (2) documents that identify whether multiple packaging types *actually* exist and, if so, that identify variations within packaging types. Tessera previously identified packaging types, including flip chips for all packaging patents and BGAs for the '215 and '605 patents, but reserves its rights to add packaging types based on discovery. Tessera responds to patent specific issues as follows:

      **Packaging Patents:** For the '215 and '605 patents, Broadcom insists that Tessera identify specific thixotropic compounds. The compounds Broadcom uses are confidential but should be apparent from the Bills of Materials in Broadcom's possession. Thixotropic is an industry term and Broadcom's engineers likely know whether it uses thixotropic materials. Plaskon SMT-B-1LV is *an example* of a thixotropic compound. An internet search produces additional examples, *see, e.g.*, http://aam.alphaassembly.com/~/media/AAM/TDS/StayChip_HELL27_2016_US. Broadcom has not asserted that its engineers are unable to identify whether thixotropic materials are used and states only that "thixotropic" is not a term used in its records. While other terms may be used, *see e.g.* '215 patent, col. 5:61-64 ("A thixotropic fluid is defined as a pseudoplastic fluid …."), or Broadcom's records may simply include information such as viscosity and cure time from which the nature of the compound may be determined, Broadcom should be able to determine with relative ease which materials are thixotropic. To the extent Broadcom is incapable or unwilling to make this assessment, Tessera has offered to review the Bills of Materials and identify the thixotropic compounds used by Broadcom. Tessera requests that the Bills of Materials be produced by mid-October to ensure core documents are produced by the December 16 deadline. Broadcom should not be allowed to use its objections to limit its production to specific examples of materials, rather than all thixotropic materials (the identification of which requires access to Broadcom's confidential documents).

      For the '563 patent, Broadcom requests additional information on the "compliant layer" and "bonding ribbons." Examples of the compliant layer are provided in the summary of the invention and in dependent claim 18 (e.g. polyimides). Fully identifying each substance used by Broadcom to form the complaint layer requires access to Broadcom's confidential documents. To assist with the discovery, Tessera is willing to review Broadcom's Bills of Materials and identify the materials used for the compliant layer. The '563 patent describes bonding ribbons as electrically connecting the contacts to conductive terminals overlying the top surface of the compliant layer. While the above descriptions do not limit the scope of the invention, they provide Broadcom with sufficient information to search for and produce documents.

      For the '001 and '076 patents, Broadcom agreed to begin the collection process.

      **Circuit Patents**: Subject to resolving confidentiality issues, Tessera will produce reports that identify the location(s) of the accused circuits for these patents.

Broadcom's Position: **Packaging Patents**: Tessera's list of 83 long product marketing numbers may encompass hundreds or even over 1000 unique products covering multiple package types, based on the "ipart" numbers that Broadcom uses internally to track its products — including the "core documents" associated with such products. Tessera's agreement to limit its infringement allegations to "flip chip" packages ('563, '001, and '076 patents) and "flip chip" and "BGA" packages ('215 and '605 patents) does not meaningfully reduce the immense burden on Broadcom to identify core documents for such a large number of potentially irrelevant products. For the **'001 and '076 patents**, Broadcom will nevertheless use Tessera's list and package types to identify core documents, and report back if further definition is needed based on its investigation. Broadcom also expects to produce documents that explain the characters in the long marketing numbers in discovery, but such documents are not required for Tessera to now identify the products at issue based on readily available public information.

The **'215 and '605 process patents** require the use of "thixotropic" compositions, but this is not a property that Broadcom's engineers have knowledge of for its products, as they have no reason to, as Broadcom relies on its suppliers to select and procure appropriate materials from vendors. Nor do Broadcom's records indicate whether "thixotropic" materials are used in a given product. Tessera is essentially asking Broadcom to perform expert testing and analysis of the compositions used in its products, which is something Tessera should have done prior to asserting these patents. Until yesterday, Tessera had identified only "Plaskon" as a supposed example of a "thixotropic" material. Upon seeing Broadcom's response that i) "Plaskon" is a general tradename that does not identify an actual composition; and ii) none of the datasheets for the dozens of different Plakson products located on the Web describe the compositions as "thixotropic," Tessera apparently found a datasheet for a different compound ("Staychip") described as "thixotropic." However, Tessera does not even allege that this compound is used in any accused Broadcom product. And Tessera's last-minute identification of "Plaskon SMT-B-1LV" as another supposed "example of a thixotropic compound Broadcom **may** be using" only confirms that Tessera must first identify the compositions it contends are "thixotropic," as a review of the datasheet shows that the material is not identified as "thixotropic." This further confirms that "thixotropic" is not a property important to engineers. In addition, even the same product may use different encapsulants, depending on date of manufacture and supplier. Tessera's request that Broadcom produce the Bill of Materials for every flip chip and BGA product is both incredibly burdensome and unreasonable. Tessera admits it has identified certain compositions it contends are thixotropic, and others that are not. Tessera should provide these identifications so that Broadcom can ensure that its core document collection is reasonably tailored to products and methods actually accused in this case.

For the **'563 process patent**, key process steps require use of a "compliant layer" and "bonding ribbons," neither of which is understood to describe a feature of flip chip packages. Indeed, flip chip packages are described only in the "Background of the Invention" as prior art suffering from "significant problems" that the patent purports to solve. Consistent with the local rules, Broadcom seeks identification of the features in the accused packages that Tessera asserts correspond to the claimed "compliant layer" and "bonding ribbons" to ensure Broadcom identifies a proper set of core documents. Tessera must have this information and is not prejudiced by providing it. Tessera's identification of "polyimide" as a "*substance* . . .used to *form* the compliant layer" is not responsive, as it fails to identify the package *feature* that supposedly constitutes the "compliant layer."

**Circuit Patents**: Beyond Tessera's agreements at the scheduling conference, Broadcom asks Tessera to specifically identify the accused circuits and their location in the reverse engineering schematics.

        Respectfully submitted,

        /s/ Brian E. Farnan

        Brian E. Farnan

cc: Counsel of Record (via E-Filing)