**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TESSERA, INC. and TESSERA ADVANCED TECHNOLOGIES, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 16-cv-380-LPS-CJB |
| v. | ) ) | |
| BROADCOM CORPORATION, | ) ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

The Court recognizes that at least some of the documents, electronic data, and information being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The Materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such Materials as much as practically possible during the litigation.

**THEREFORE:**

**DEFINITIONS**

1.     The term "Confidential Information" will mean and include information disclosed or to be disclosed during this litigation including, without limitation, information contained in any Materials and information provided in documents, portions of documents, document requests, interrogatories, answers to interrogatories, requests for admissions, responses to

requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, compilations, copies, abstracts, and any other format reproducing or capturing such information or otherwise derived from such information that meets the designation requirements of "CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY," or "CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES ONLY," as set out in paragraphs 8-9, below.

2.      The term "Materials" will include, but is not limited to: documents; correspondence; e-mails; memoranda; presentations; bulletins; blueprints; specifications; customer lists or other matter that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes; and other physical objects.

3.      The term "Counsel" will mean outside Counsel of Record, as defined below, and shall also include other attorneys, paralegals, secretaries, and other support staff employed by the law firms identified below: <u>Covington & Burling LLP; Farnan LLP; Kilpatrick Townsend & Stockton LLP; Foley & Lardner LLP; Young Conaway Sargatt & Taylor LLP.</u>

4.      The term "Counsel of Record" will mean (i) outside counsel who appear in the action in any capacity, whether on the pleadings, on the record in a deposition or in a hearing, or in any other circumstance associated with the action, as counsel for a party, (ii) partners,

STIPULATED PROTECTIVE ORDER                                    16-cv-380-LPS-CJB

principals, counsel, associates, employees, and contract attorneys of such outside counsel to whom it is reasonably necessary to disclose the Confidential Information for this action, including supporting personnel employed by the attorneys, such as paralegals, legal secretaries, and legal clerks, and/or (iii) independent shorthand reporters retained to record and transcribe testimony in this case and videographers retained to film testimony in this action.

5.      The term "Independent Expert" will mean a person with specialized knowledge or experience in a matter pertinent to the case who has been retained by Counsel to serve as an expert witness or as a litigation consultant in this case, and who is not a current employee of a party or of a competitor of a party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of a party or competitor of a party.

6.      "Source Code" shall mean source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware or drivers, and hardware description language ("HDL") such as Verilog, as well as such Confidential Source Code that is converted into other file formats such as OASIS, Gerber, CIF, Magic, netlists, or other comparable formats, as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code.  For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, debug files, and GDS, GDSII, and OASIS files ("GDS files").  Notwithstanding the foregoing, printouts of schematics that are i) not derived from GDS files, and ii) do not otherwise disclose information in such files, whether in electronic or hard copy form, are not considered "Source

STIPULATED PROTECTIVE ORDER                                16-cv-380-LPS-CJB

Code" under the Protective Order and will be designated and treated as OUTSIDE COUNSEL'S EYES ONLY."

<b>GENERAL RULES</b>

7.      Any party or non-party to this litigation that produces or discloses any Confidential Information and/or Materials, or any other information or Materials that the producing party believes should be subject to this Order, may designate the same as "CONFIDENTIAL" or "OUTSIDE COUNSEL'S EYES ONLY."

   A.      Designation as "CONFIDENTIAL": Any party or non-party may use the "CONFIDENTIAL" designation only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information and/or Materials could be potentially prejudicial to the business or operations of such party.

   B.      Designation as "OUTSIDE COUNSEL'S EYES ONLY": Any party or non-party may use the "OUTSIDE COUNSEL'S EYES ONLY" designation only if, in the good faith belief of such party and its Counsel, such information and/or Materials is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial, or other highly sensitive commercial or business information and/or Materials.

   C.      For purposes of this litigation, to the extent any information and/or Materials designated "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" in *Certain Semiconductor Devices, Semiconductor Device Packages, and Products Containing the Same*, Investigation No. 337-TA-1010 (USITC) are produced in this litigation, such information and/or Materials shall be treated as if properly designated "OUTSIDE

4

COUNSEL'S EYES ONLY," except that all Source Code produced and

designated "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION,

SUBJECT TO PROTECTIVE ORDER" shall be treated as if properly designated

"CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES ONLY."

8.      Designation as "CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S

EYES ONLY": Any party or any non-party may use the "CONFIDENTIAL SOURCE CODE -

OUTSIDE COUNSEL'S EYES ONLY" designation only if, in the good faith belief of such

party and its Counsel, such information and/or Materials contain Source Code produced by the

party, that the party believes in good faith is not generally known to others, and has significant

competitive value such that unrestricted disclosure to others would create a substantial risk of

serious injury, and that the party would not normally reveal to third parties except in confidence,

or has undertaken with others to maintain in confidence.

9.      All Confidential Information designated as "CONFIDENTIAL," "OUTSIDE

COUNSEL'S EYES ONLY," or "CONFIDENTIAL SOURCE CODE - OUTSIDE

COUNSEL'S EYES ONLY" may not be disclosed by the receiving party to anyone other than

those persons permitted access in accordance with the terms of this Order, and must be handled

in the manner set forth below and, in any event, may not be used for any purpose other than in

connection with this litigation, unless and until such designation is removed either by agreement

of the parties, or by order of the Court.

10.     In the event the producing party elects to produce Materials for initial inspection,

no marking need be made by the producing party in advance of the initial inspection.  For

purposes of the initial inspection, all Materials produced will be considered as "OUTSIDE

COUNSEL'S EYES ONLY," and must be treated as such pursuant to the terms of this Order.

STIPULATED PROTECTIVE ORDER                                    16-cv-380-LPS-CJB

Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate "CONFIDENTIAL" or "OUTSIDE COUNSEL'S EYES ONLY" designation.

11.     In the event the producing party elects to produce Materials in native format, the confidentiality designation of such Materials shall be indicated, along with production number, on the slipsheet corresponding to the Materials.  In the event the recipient of Materials produced in native format chooses to print or otherwise make a copy of such materials, the print out or copy must be marked with the appropriate "CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY" designation.

12.     All Confidential Information designated "CONFIDENTIAL" may be viewed only by Counsel (as defined in paragraph 3) of the receiving party, by Independent Experts (as defined in paragraph 5 and subject to the requirements of paragraph 16), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms.  The party seeking to disclose Confidential Information designated "CONFIDENTIAL" to an individual listed below must provide written notice to Counsel for the producing party, which notice will include: (a) the individual's name and business title; (b) the individual's business address and country of residence; and (c) an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the individual.

A.     Executives who are required to participate in policy decisions with reference to this action;

B.     Up to two (2) in-house counsel for each party;

STIPULATED PROTECTIVE ORDER                              16-cv-380-LPS-CJB

    C.      Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

    D.      Stenographic and clerical employees associated with the individuals identified above.  These stenographic and clerical employees are not required to execute Exhibit A.

13.      All Confidential Information designated "OUTSIDE COUNSEL'S EYES ONLY" may be viewed only by Counsel of Record (as defined in paragraph 4) of the receiving party and by Independent Experts (as defined in paragraph 5 and subject to the requirements of paragraph 16).

14.      In addition, all Confidential Information designated "CONFIDENTIAL" or "OUTSIDE COUNSEL'S EYES ONLY" may also be viewable by independent legal translators retained to translate in connection with this action; independent copying, scanning, technical support and electronic document processing services retained by Counsel in connection with this action; graphics, translation, or design services retained by Counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or otherwise in connection with this action; non-technical jury or trial consulting services retained by Counsel in connection with this action, and mock jurors, provided, however, that any such individual has read and agreed to abide by the terms of this Order in advance of disclosure.

15.      Materials designated as "CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES ONLY," shall only be reviewable only by SOURCE CODE QUALIFIED PERSONS for inspection. SOURCE CODE QUALIFIED PERSONS include the following: (1) Outside Counsel of record as necessarily incident to this litigation; (2) personnel at document

STIPULATED PROTECTIVE ORDER                          16-cv-380-LPS-CJB

duplication, coding, imaging or scanning service establishments retained by, but not regularly

employed by, outside litigation counsel as necessarily incident to this litigation; (3) personnel at

interpretation/translation service establishments retained by, but not regularly employed by,

outside litigation counsel as necessarily incident to this litigation, including without limitation

oral interpreters and document translators; (4) the Court, Court personnel and contract personnel

who are acting in the capacity of Court employees; (5) court reporters, stenographers and

videographers transcribing or recording testimony at depositions, hearings or trial in this

litigation; and (6) up to four (4) Independent Experts (as defined in paragraph 5) per party.  Up to

four (4) Independent Experts per party may review CONFIDENTIAL SOURCE CODE -

OUTSIDE COUNSEL'S EYES ONLY after being expressly identified to the supplier pursuant

to the requirements of paragraph 16 as seeking access to CONFIDENTIAL SOURCE CODE -

OUTSIDE COUNSEL'S EYES ONLY.

## DISCLOSURE OF INDEPENDENT EXPERTS

16.     The right of any Independent Expert to receive any Confidential Information

designated "OUTSIDE COUNSEL'S EYES ONLY" or "CONFIDENTIAL SOURCE CODE -

OUTSIDE COUNSEL'S EYES ONLY" will be subject to the advance approval of such expert

by the producing party or as approved by the Court.  The party seeking approval of an

Independent Expert must provide written notice to Counsel for the producing party at least 10

days prior to providing that Independent Expert with access to any Confidential Information

designated "OUTSIDE COUNSEL'S EYES ONLY" or "CONFIDENTIAL SOURCE CODE -

OUTSIDE COUNSEL'S EYES ONLY", which notice will include: (a) the individual's name

and business title; (b) business address and country of residence; (c) business or profession; (d)

the individual's curriculum vitae; (e) any previous or current relationship (personal or

professional) with any of the parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years and the time period(s) and brief description and subject matter of each consultancy or employment; and (h) an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the Independent Expert. Any objection by the producing party to an Independent Expert receiving Confidential Information must be made in writing within ten (10) days following receipt of the identification of the proposed Independent Expert. Confidential Information may be disclosed to an Independent Expert if the ten (10) day period has passed and no objection has been made. The approval of Independent Experts must not be unreasonably withheld.

### LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

17.     Any filings containing Materials such as those produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as "CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY," or "CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES ONLY" shall be filed with the Court under seal in accordance with the Court's requirements for sealed filings.

18.     Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

A.      The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription

STIPULATED PROTECTIVE ORDER                                  16-cv-380-LPS-CJB

of the proceedings; a party will have until fourteen (14) days after receipt of the

deposition transcript to inform the other party or parties to the action of the

portions of the transcript to be designated "CONFIDENTIAL," "OUTSIDE

COUNSEL'S EYES ONLY," or "CONFIDENTIAL SOURCE CODE -

OUTSIDE COUNSEL'S EYES ONLY."

B.      The disclosing party will have the right to exclude from attendance at the

deposition, only during such time as "OUTSIDE COUNSEL'S EYES ONLY" or

"CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES ONLY"

designated Confidential Information is to be disclosed, any person, other than the

deponent and other than those individuals permitted access under this Order, the

court reporter, and any person(s) otherwise permitted by the supplier; and

C.      The originals of the deposition transcripts and all copies of the deposition must

bear the legend "CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY,"

or "CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES

ONLY," as appropriate, and the original or any copy ultimately presented to a

court for filing must not be filed unless it can be accomplished under seal,

identified as being subject to this Order, and protected from being opened except

by order of this Court.

19.     With respect to all Confidential Information designated "CONFIDENTIAL,"

"OUTSIDE COUNSEL'S EYES ONLY," or "CONFIDENTIAL SOURCE CODE - OUTSIDE

COUNSEL'S EYES ONLY," any person indicated on the face of a document to be the

originator, author or a recipient of the Confidential Information, may be shown the same.

STIPULATED PROTECTIVE ORDER                                    16-cv-380-LPS-CJB

20.     All Confidential Information which has been designated as "CONFIDENTIAL,"

"OUTSIDE COUNSEL'S EYES ONLY" by the producing or disclosing party, and any and all

reproductions of that information and/or Material, must be retained in the custody of the Counsel

of Record for the receiving party, except that Independent Experts authorized to view such

information under the terms of this Order may retain custody of copies such as are necessary for

their participation in this litigation.

21.     All Confidential Information must be held in confidence by those authorized by

this Order to inspect or receive it, and must be used only for purposes of this action.  Counsel for

each party, and each person receiving Confidential Information must take reasonable precautions

to prevent the unauthorized or inadvertent disclosure of such Confidential Information.  If

Confidential Information is disclosed to any person other than a person authorized by this Order,

the party responsible for the unauthorized disclosure must immediately bring all pertinent facts

relating to the unauthorized disclosure to the attention of the other parties and, without prejudice

to any rights and remedies of the other parties, make every effort to prevent further disclosure by

the party and by the person(s) receiving the unauthorized disclosure.

22.     No party will be responsible to another party for disclosure of Confidential

Information under this Order if the Confidential Information in question is not labeled or

otherwise designated in accordance with this Order.

23.     If a party, through inadvertence, produces any Confidential Information without

labeling or marking or otherwise designating it as such in accordance with this Order, the

designating party may give written notice to the receiving party that the document or thing

produced is to be designated, as appropriate, "CONFIDENTIAL," "OUTSIDE COUNSEL'S

EYES ONLY," or "CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES

STIPULATED PROTECTIVE ORDER                                    16-cv-380-LPS-CJB

ONLY" and that the document or thing produced should be treated as such in accordance with

that designation under this Order.  The receiving party must treat such designated Confidential

Information in accordance with this Order, once the designating party so notifies the receiving

party.  If the receiving party has disclosed such Confidential Information before receiving the

designation, the receiving party must notify the designating party in writing of each such

disclosure, and the receiving party will make every effort to prevent further disclosure by the

party and by the person(s) receiving such inadvertently produced Confidential Information.

Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the

inadvertently produced Confidential Information as "CONFIDENTIAL," "OUTSIDE

COUNSEL'S EYES ONLY" or "CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S

EYES ONLY."

<strong>CHALLENGES TO CONFIDENTIALITY DESIGNATIONS</strong>

24.    At any stage of these proceedings, any party may object to the

"CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY," or "CONFIDENTIAL SOURCE

CODE - OUTSIDE COUNSEL'S EYES ONLY" designation of any Confidential Information.

The party objecting to any such designation must notify, in writing, Counsel for the designating

party of the objected to designation of such Confidential Information and the grounds for the

objection.  If the dispute is not resolved consensually between the parties within seven (7) days

of receipt of such a notice of objections, the objecting party may move the Court for a ruling on

the objection.  The Confidential Information at issue must be treated according to the designation

of the designating party, until the Court has ruled on the objection or the matter has been

otherwise resolved.

STIPULATED PROTECTIVE ORDER                                        16-cv-380-LPS-CJB

**INFORMATION DESIGNATED "CONFIDENTIAL SOURCE CODE - OUTSIDE**

**COUNSEL'S EYES ONLY"**

25.     Source Code shall be provided with the following additional protections:

A.     Nothing in this Order shall obligate the parties to produce any Source Code, nor act as an admission that any particular Source Code is relevant or discoverable.

B.     Access to Source Code will be given only to SOURCE CODE QUALIFIED PERSONS.

C.     Access to Source Code shall be provided on no more than two "stand-alone" computer(s) (i.e., the computer(s) may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet, and may not be connected to any printer or storage device other than the internal hard disk drive of the computer).  The stand-alone computer(s) shall be kept in a secure location at the offices of the supplier's outside litigation counsel, or at such other location as the supplier and receiving party mutually agree. The stand-alone secure computer(s) may be password protected and shall have the Source Code stored on a hard drive contained inside the computer(s).  The supplier shall produce Source Code in computer searchable format on the stand-alone computer(s).  The stand-alone computer(s) shall, at the receiving party's request, include reasonable analysis tools appropriate for the type of Source Code and, for GDS files, the viewer and display tools used by the supplier in the normal course of business, including all of the configuration files for those tools.  With the exception of the viewer and display tools to be provided by the supplier, which will allow the receiving party to request and obtain print outs as they would be generated by the supplier in the normal course of its business, the receiving party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the supplier so that the supplier may install such tools

13

STIPULATED PROTECTIVE ORDER                                      16-cv-380-LPS-CJB

on the standalone computer.  To the extent that such tools record local working files or other records reflecting the work performed by the receiving party, such files and records shall not be reviewed, altered, or deleted by the supplier.

    D. The receiving party shall provide at least 72-hour notice to access the source code during normal business hours and shall make reasonable efforts to restrict its requests for access to the stand-alone secure computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. local time at the reviewing location.  Upon reasonable notice from the receiving party, which shall not be less than 120 hours in advance, the supplier shall make reasonable efforts to accommodate the receiving party's request for access to the computer outside of normal business hours.  Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 8:00 p.m. local time at the reviewing location.  The parties are to cooperate in good faith such that maintaining the Source Code at the offices of the supplier's outside litigation counsel shall not unreasonably hinder the receiving party's ability to efficiently conduct the prosecution or defense in this litigation.  It is expected that access to the Source Code shall be provided at the site of any hearing or trial, upon 30-day notice to the supplier.  Proper identification of all SOURCE CODE QUALIFIED PERSONS shall be provided prior to any access to the stand alone secure computer.

    E. All SOURCE CODE QUALIFIED PERSONS who will review Source Code on behalf of a receiving party shall be identified in writing to the supplier at least five (5) business days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any disclosure required under paragraphs 14-15 of this Order. The supplier shall provide these individuals with information explaining how to start, log

14

on to, and operate the stand-alone computer in order to access the produced Source Code on the

stand-alone secure computer.  For subsequent reviews by SOURCE CODE QUALIFIED

PERSONS, the receiving party shall give at least three business days (and at least 72 hours')

notice to the supplier of such review.

F.      No person other than the supplier may alter, dismantle, disassemble or

modify the stand-alone computer in any way, or attempt to circumvent any security feature of the

computer.

G.      No copies shall be made of Source Code, whether physical, electronic, or

otherwise, other than volatile copies necessarily made in the normal course of accessing the

Source Code on the stand-alone computer, except for: (1) copies of portions of the GDS files that

can be made electronically and stored as working files in a folder on a stand-alone computer for

further review; (2) print outs of reasonable portions of the Source Code in accordance with the

provisions of paragraphs 25(I)-(J) of this Order; and (3) such other uses to which the parties may

agree or that the Court may order.  The receiving party shall not use any outside electronic

device to copy, record, photograph, or otherwise reproduce Source Code.  "Reasonable portions

of the Source Code" shall be limited to the portions that are necessary to understand a relevant

feature of an accused product in this litigation.  The supplier shall not unreasonably withhold

approval and the parties shall meet and confer in good faith to resolve any disputes.  The

receiving party may take notes on a laptop or other personal electronic device, provided such

device does not have a camera, is not be linked to any network during the Source Code review,

including a local area network ("LAN"), an intranet, or the Internet, and may not be connected to

any printer or storage device other than the internal hard disk drive of the computer, and such

notes are treated as **OUTSIDE COUNSEL'S EYES ONLY** information under the Order.  The

STIPULATED PROTECTIVE ORDER                                    16-cv-380-LPS-CJB

receiving party may not copy any portion of the Source Code into the notes.  The use of any

other input/output device (e.g., electronic devices, including but not limited to USB memory

stick, cameras, flash drives, zip drives, or any devices with cameras, CDs, floppy disk, or

portable hard drive) shall not be permitted in the same room as the standalone computers.  The

supplier may exercise personal supervision of observing the entrances and exits from the

Confidential Source Code review room or from outside the review room over the receiving party

when the receiving party is in the Source Code review room.  Such supervision, however, shall

not entail review of any work product generated by the receiving party, e.g., monitoring the

screen of the stand-alone computer, monitoring any surface reflecting any notes or work product

of the receiving party, or monitoring the key strokes of the receiving party.  There will be no

video supervision by any supplier.

   H.  Nothing may be removed from the stand-alone computer, either by the

receiving party or at the request of the receiving party, except for (1) print outs of reasonable

portions of the Source Code in accordance with the provisions of paragraphs 25(I)-(J) of this

Order; and (2) such other uses to which the parties may agree or that the Court may order.

   I.  At the request of the receiving party, the supplier shall within five (5)

business days provide one (1) hard copy print out of the specific lines or pages, not to exceed 50

consecutive pages, of the non-GDS file Source Code that the receiving party believes in good

faith are necessary to understand a relevant feature of an accused product; or, for GDS files, a

high-resolution, hard copy printout of the specific portions of the GDS files that the receiving

party believes in good faith are necessary to understand a relevant feature of an accused product,

limited to a total number of pages of hard copy printouts of 20 pages or less per design file.  If

the supplier objects in any manner to the production of the requested source code (e.g., the

STIPULATED PROTECTIVE ORDER       16-cv-380-LPS-CJB

request is too voluminous), it shall state its objection within the allotted three (3) business days

pursuant to this paragraph.  In the event of a dispute, the parties will meet and confer within five

(5) business days of the objection being raised and, if they cannot resolve it, the parties will raise

it with the Court.

J.      Hard-copy print outs of Source Code shall be provided on Bates numbered

and watermarked paper clearly labeled CONFIDENTIAL SOURCE CODE - OUTSIDE

COUNSEL'S EYES ONLY on each page.  All print outs shall be maintained by the receiving

party's outside litigation counsel or SOURCE CODE QUALIFIED PERSONS in a secured

locked area when not being reviewed and in a secure location when being reviewed.  The

receiving party may also temporarily keep the print outs at: (1) the Court for any proceedings(s)

relating to the Source Code, for the dates associated with the proceeding(s); (2) the sites where

any deposition(s) relating to the Source Code are taken, for the dates associated with the

deposition(s); and (3) any intermediate location reasonably necessary to transport the print outs

(e.g., a hotel prior to a Court proceeding or deposition).  For avoidance of doubt, an access-

restricted location within the facilities of outside litigation counsel or a qualified expert, such as a

conference room within an access restricted office or a locked drawer or cabinet, shall constitute

a secured locked area.  The receiving party shall exercise due care in maintaining the security of

the hard-copy print outs at these temporary locations.  No further hard copies of such Source

Code shall be made and the Source Code shall not be transferred into any electronic format or

onto any electronic media except that:

i.The receiving party is permitted to make up to five (5) hard copies for use at a

deposition.  One hard copy of the source code may be marked as an exhibit for the deposition,

and then maintained by counsel for the party presenting the exhibit during the deposition in a

STIPULATED PROTECTIVE ORDER                          16-cv-380-LPS-CJB

secured locked area.  All other copies shall be destroyed immediately after the deposition is concluded.

      ii.The receiving party is permitted to make up to five (5) hard copies for the Court a Court filing, hearing, or trial, and of only the specific pages directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered.  To the extent portions of Source Code are quoted in a Court filing, either (1) the entire document will be stamped and treated as CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES ONLY; or (2) those pages containing quoted Source Code will be separately stamped and treated as CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES ONLY.

      iii.Electronic copies of Source Code may be made to be included in documents which, pursuant to the Court's rules, procedures and order(s), may be filed or served electronically.  Only the necessary amount of electronic copies to effectuate such filing or service may be stored on any receiving party server, hard drive, thumb drive, or other electronic storage device at any given time.  After any such electronic filing or service, the receiving party may maintain reasonable copies of such filed or served documents, but shall delete all other electronic copies of Source Code from all receiving party electronic storage devices.

      iv.The supplier shall, on request, make a searchable electronic copy of the Source Code available on a stand-alone computer during depositions of witnesses who would otherwise be permitted access to such Source Code and witnesses designated to testify with regard to such Source Code on behalf of the supplier.  The receiving party shall make such request at the time of the notice for deposition.

STIPULATED PROTECTIVE ORDER               16-cv-380-LPS-CJB

K.     Nothing in this Order shall be construed to limit how a supplier may maintain material designated as "CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES ONLY."

L.     Outside litigation counsel for the receiving party with custody of CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES ONLY shall maintain a source code log containing the following information: (1) the identity of each person granted access to the CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES ONLY; and (2) the first date on which such access was granted.  Outside litigation counsel for the receiving party will produce, upon request, each such source code log to the supplier within twenty (20) days of the final determination of the litigation.

M.     <u>No Prejudice</u>.  The provisions of Paragraph 25 are without prejudice to any party's rights to propose, request or otherwise move for different provisions relating to source code production in this litigation.

**PROSECUTION BAR**

26.     Any attorney, patent agent, expert, or other person who has accessed technical material designated by another party as "CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY," and/or "CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES ONLY INFORMATION," which relates to the structure, operation, function, design, or development of any existing or potential product shall not be involved in Patent Prosecution on behalf of the party represented by that person or one of such party's affiliates relating to the subject matter of (i) semiconductor device interconnects, (ii) the packaging of semiconductor devices, (iii) properties of materials used in packaging semiconductor devices (hereinafter collectively referred to as "Semiconductor Devices"), or (iv) analog and/or digital circuit design before any

foreign or domestic agency, including the United States Patent and Trademark Office.  For the

purposes of this paragraph, "Patent Prosecution" shall be defined as substantive patent

prosecution activities involving "competitive decision-making" as set forth by the Federal

Circuit in *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010), such

as supervising, assisting  or participating in (including preparing, drafting, amending, filing, or

otherwise prosecuting applications, claims, responses to office actions, oaths or declarations, or

any other paper) the prosecution of any pending or future patent application before the United

States Patent and Trademark Office or any other patent foreign or domestic authorities, with

respect to any patent application of the represented party claiming (in whole or in part) the

subject matter of: (a) the patents-in-suit, Semiconductor Devices, and/or analog and/or digital

circuit design; or (b) any of the parents (grand-parents or other predecessor applications in the

chain) or descendants of the patents-in-suit ("Related Patents").  "Patent Prosecution" shall not

include representing a party or otherwise participating in reissue proceedings, *ex parte*

reexamination, *inter partes* review, covered business method review, or post-grant review

proceedings ("Post-Grant Proceedings") provided such representation or other participation does

not include any involvement in seeking amendment of any claims on behalf of the represented

party.  This prohibition on Patent Prosecution shall end two (2) years after the earlier of (i) the

final resolution or termination of this matter, including all appeals, or (ii) the withdrawal of that

attorney from representation of the represented party.

## EXPORT CONTROL PROVISIONS

27.     Each party receiving Confidential Information shall comply with all applicable

export control statutes and regulations. *See, e.g.,* 15 CFR 734.2(b).  No Confidential Information

may leave the territorial boundaries of the United States of America or be made available to any

STIPULATED PROTECTIVE ORDER                                      16-cv-380-LPS-CJB

foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)).  Without limitation, this prohibition extends to Confidential Information (including copies) in physical and electronic form.  The viewing of Confidential Information through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Confidential information, exclusive of material designated "CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES ONLY," and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conforms with applicable export control laws and regulations.

## FINAL DISPOSITION

28.     Unless otherwise agreed by the parties in writing, within sixty (60) days after the Final Disposition of this action, as defined below, each receiving party authorized by this Order must return all Confidential Information to the producing party or destroy such Confidential Information.  Whether the Confidential Information is returned or destroyed, Counsel for the receiving party must submit a written certification to Counsel for the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the receiving party has not retained any of the Confidential Information.  Notwithstanding this provision, and unless otherwise agreed by the parties in writing, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and

STIPULATED PROTECTIVE ORDER                                     16-cv-380-LPS-CJB

hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such Materials contain Confidential Information. Notwithstanding this provision, no Party shall be required to return or destroy any materials designated under this Order that may exist on any disaster recovery backup system.  Any such archival copies that contain or constitute Confidential Information remain subject to this Order as set forth herein.  Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a designating party agrees otherwise in writing or a Court otherwise directs.  "Final Disposition" means the later of (1) dismissal of all claims and defenses in this action, with or without prejudice and (2) final judgment in this action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

29.     Even after the termination of this action, the confidentiality and other obligations imposed by this Order will remain in effect until the producing party agrees otherwise in writing or the Court otherwise directs.  Any Final Disposition of this action as to any or all parties will include a specific provision that the Court will retain jurisdiction to enforce the terms of this Order for a period of two (2) years following such Final Disposition unless otherwise ordered by the Court.  The parties, Counsel, and any individual who receives any Confidential Information authorized by this Order consents to the personal jurisdiction of the Court for that purpose.

### MISCELLANEOUS PROVISIONS

30.     Nothing within this Order will prejudice the right of any party to object to the production of any discovery on the grounds that such Confidential Information is protected as privileged, as attorney work product, or pursuant to other privilege, doctrine, or immunity.  The

inadvertent production of documents or things that are subject to attorney-client privilege, the

attorney work product doctrine, or other applicable privilege, doctrine, or immunity will not be

deemed to waive a later claim as to its appropriate privileged nature, or to stop the producing

party from designating such information as privileged at a later date in writing.  A party or non-

party may request the return or destruction of such Materials, and that request shall identify the

Materials and the basis for requesting its return. If a receiving party receives Materials that the

receiving party believes may be subject to a claim of privilege or protection from discovery, the

receiving party shall promptly identify the Materials to the producing party or non-party. Upon

identification of the Materials by the producing party or non-party or by the receiving party, a

receiving party: 1) shall not use, and shall immediately cease any prior use of, such Materials; 2)

shall take reasonable steps to retrieve the Materials from others to which the receiving party

disclosed the Materials; 3) shall within five (5) business days of the producing party's or non-

party's request return to the producing party or non-party or destroy the Materials and destroy all

copies thereof; and 4) shall confirm to the producing party or non-party the destruction under

subsection 3) above of all copies of the Materials not returned to the producing party or non-

party. Unless otherwise agreed or ordered by the Court, no one shall be permitted to use any

information that the producing party has designated as attorney-client privileged, work product

protected, or protected by other applicable privilege, doctrine, or immunity. No one shall use the

fact of production of the Materials to argue that any privilege or protection has been waived.

Within fourteen (14) days of the identification of the Materials by the producing party or non-

party or by the receiving party, and not thereafter, the receiving party may file a motion to

compel the production of the Materials on the basis that: (a) the information was never privileged

or protected from disclosure; or (b) any applicable privilege, protection, or immunity has been

STIPULATED PROTECTIVE ORDER                                    16-cv-380-LPS-CJB

waived by some act other than the production of the Materials. The producing party or non-party and the receiving party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel.

31. This Order will be without prejudice to the right of any party to oppose production of any Confidential Information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

32. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any Confidential Information designated as "CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY," or "CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES ONLY," provided that the contents of the Confidential Information must not be disclosed to those not authorized by this Order.

33. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

34. The restrictions and obligations set forth within this Order will not apply to any Confidential Information that: (a) the parties mutually agree should not be subject to this Order; (b) the parties mutually agree, or the Court rules, is already public knowledge; (c) the parties mutually agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the

STIPULATED PROTECTIVE ORDER                                      16-cv-380-LPS-CJB

production by the designating party.  Prior knowledge must be established by pre-production documentation.

35.     The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

36.     Non-parties who produce Confidential Information in this action may avail themselves of the provisions of this Order.  Each non-party supplier shall be provided a copy of this Order by the party seeking information from said supplier.

37.     Transmission by facsimile is acceptable for all notification purposes within this Order.

38.     This Order may be modified by written agreement of the parties, subject to approval by the Court.

39.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

40.     Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY," or "OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE," pursuant to this order shall promptly notify that

STIPULATED PROTECTIVE ORDER                                    16-cv-380-LPS-CJB

party of the motion so that the party may have an opportunity to appear and be heard on whether

that information should be disclosed.

Dated: November 10, 2016

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Of Counsel*:

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Michael K. Plimack
mplimack@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Laura E. Muschamp
lmuschamp@cov.com
Christopher K. Eppich
ceppich@cov.com
COVINGTON & BURLING LLP
9191 Towne Centre Drive, 6th Floor
San Diego, CA 92122
Telephone: (858) 678-1800
Facsimile: (858) 678-1600

Attorneys for Plaintiffs TESSERA, INC. and

Respectfully submitted,

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Of Counsel*:

David E. Sipiora
dsipiora@kilpatricktownsend.com
KILPATRICK TOWNSEND &
  STOCKTON LLP
Suite 600, 1400 Wewatta Street
Denver, Colorado 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321

Robert J. Artuz
rartuz@kilpatricktownsend.com
Kevin J. O'Brien
kobrien@kilpatricktownsend.com
KILPATRICK TOWNSEND &
  STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Jonathan D. Olinger
jolinger@kilpatricktownsend.com
KILPATRICK TOWNSEND &
  STOCKTON LLP
Suite 2800, 1100 Peachtree Street NE

26

STIPULATED PROTECTIVE ORDER                    16-cv-380-LPS-CJB

TESSERA ADVANCED TECHNOLOGIES, INC.

Atlanta, Georgia 30309-4528
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Ramy E. Hanna
rhanna@foley.com (No. 5494)
Steven J. Rizzi
srizzi@foley.com
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY  10016-1314
(212) 682-7474

Attorneys for Defendant
BROADCOM CORPORATION

STIPULATED PROTECTIVE ORDER                              16-cv-380-LPS-CJB

**IT IS SO ORDERED**.

**DATED** this _____ day of _____, 2016.


_____
Leonard P. Stark
Chief Judge, United States District Court

STIPULATED PROTECTIVE ORDER                                    16-cv-380-LPS-CJB

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TESSERA, INC. and TESSERA ADVANCED TECHNOLOGIES, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 16-cv-380-LPS-CJB |
| v. | ) ) | |
| BROADCOM CORPORATION, | ) ) | |
| Defendant. | ) | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare and say that:

      1.   I am employed as _____

by

_____.

      2.   I have received and read a copy of the Protective Order in Tessera Inc. and Tessera Advanced Technologies, Inc. v. Broadcom Corporation, Civil Action No. 16-cv-380-LPS-CJB, and understand and agree to abide by its terms.

      3.   I agree to keep Confidential Information provided to me in this matter, in accordance with the restrictions in the Protective Order.

      4.   I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Delaware with respect to enforcement of the Protective Order.

STIPULATED PROTECTIVE ORDER                           16-cv-380-LPS-CJB

5.      I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:

Name:

Address:

Telephone:

Signed: _____

STIPULATED PROTECTIVE ORDER                                    16-cv-380-LPS-CJB