# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESSERA, INC. and TESSERA ADVANCED TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:16-cv-00380-LPS-CJB <br> **REDACTED - PUBLIC VERSION** |

## BROADCOM'S RESPONSIVE LETTER BRIEF TO THE HONORABLE CHRISTOPHER J. BURKE ON TESSERA'S MOTIONS TO COMPEL

*Of Counsel*:

David E. Sipiora
dsipiora@kilpatricktownsend.com
Matthew C. Holohan
mholohan@kilpatricktownsend.com
KILPATRICK TOWNSEND &
  STOCKTON LLP
Suite 600, 1400 Wewatta Street
Denver, Colorado  80202
Telephone:   (303) 571-4000
Facsimile:   (303) 571-4321

Kevin J. O'Brien
kobrien@kilpatricktownsend.com
KILPATRICK TOWNSEND &
  STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, California  94111
Telephone:   (415) 576-0200
Facsimile:   (415) 576-0300

Jonathan D. Olinger
jolinger@kilpatricktownsend.com
KILPATRICK TOWNSEND &
  STOCKTON LLP
Suite 2800, 1100 Peachtree Street NE
Atlanta, Georgia  30309-4528
Telephone:   (404) 815-6500
Facsimile:   (404) 815-6555

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

Attorneys for Defendant
BROADCOM CORPORATION

Dated:  June 12, 2017

Redacted Version: June 16, 2017

June 12, 2017

The Honorable Christopher J. Burke
United States Magistrate Judge
United States District Court
District of Delaware
844 North King Street, Unit 28
Wilmington, Delaware 19801

Re: *Tessera, Inc., et al. v. Broadcom Corporation*
Case No. 1:16-cv-00380-LPS-CJB ("Tessera II")

Dear Judge Burke:

I. **The Interconnect Patents ('563 and '001 Patents).**

    Tessera moves to compel a further response on Interrogatory No. 1, demanding that Broadcom identify unaccused products that are the "same" or "substantially similar" to the ▮▮▮▮▮ products accused of infringing the '001 Patent and '563 Patent. (Tessera Letter Brief at 2.) But Tessera has failed to identify adequately the infringing features in its infringement contentions, which makes it impossible for Broadcom to identify reasonably similar products. *See Intellectual Ventures I LLC v. AT&T Mobility LLC*, No. CV 13-1668-LPS, 2017 WL 658469, at *2 (D. Del. Feb. 14, 2017) ("Infringement contentions... serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the patent claim."); *see also Invensas*, 287 F.R.D. at 282; *Honeywell*, 2005 WL 3988905, at * 1 n.2.

    In discovery correspondence, Tessera asserted that all ▮▮▮ products infringe the '563 and '001 patents, even though Tessera charted only a single ▮▮▮ product in its infringement contentions. Tessera now essentially asks the Court to order Broadcom to do its work, and identify all ▮▮▮ products that are the "same" or "substantially similar" to this product. But Tessera's underlying infringement contentions implicate disputed issues of claim construction, and do not sufficiently identify the attributes of the accused products to permit Broadcom to determine what Tessera contends constitute "substantially similar" features.

    For example, Tessera charts Broadcom product number ▮▮▮ as infringing the '563 Patent. (*See* Exhibit A-1.) In doing so, however, Tessera fails to explain why the ▮▮▮ and ▮▮▮ of the ▮▮▮ product satisfy the "array of contacts" and "bond ribbon" limitations of claim 1. Tessera's deficient charting makes it impossible for Broadcom to identify "reasonably similar" products because these are disputed claim terms for which Tessera has not disclosed how it is interpreting the terms in identifying the accused features.

    Tessera's infringement contentions with respect to the '001 patent are similarly deficient. For example, with regard to the claimed "diffusion layer," Tessera simply points to ▮▮▮ formed between the ▮▮▮ and the ▮▮▮, which are ▮▮▮ that are considered part of the ▮▮▮, without providing any explanation as to how it is applying "diffusion layer" to make this allegation.

The Honorable Christopher J. Burke
June 12, 2017
Page 2

The underlying deficiencies in the infringement contentions mean that Tessera has not "articulated, in a focused, particularized manner, the characteristics or components that the unaccused products must have in order to suggest that they may infringe the patents-in-suit…." *Invensas*, 287 F.R.D. at 282. To be clear, Broadcom is not asking that the Court now adjudicate disputed issues of claim construction, but simply that Tessera cannot make demands for wide-ranging discovery of unaccused products without articulating any explanation of how it is interpreting the claim terms in its infringement contentions.

In the alternative, Tessera demands cart-blanche access to Broadcom's proprietary Agile database. This request is neither ripe nor appropriate. First, Tessera's access to the ▮ database pertains to an entirely different discovery request not moved on here: Tessera's Notice of Inspection. And the parties only recently met and conferred about the Notice on June 1, 2017—six days after Tessera filed notice of this dispute—and the parties are still in the middle of talks. The ball is in Tessera's court, because Tessera agreed to provide Broadcom with the specific database information it seeks so that Broadcom may evaluate burden.

Second, unfettered access to Broadcom's database files is highly intrusive, burdensome, and inappropriate. This would offer Tessera access to privileged information, third-party confidential information, and trade secrets, the vast majority of which have no bearing on this lawsuit. Courts uniformly recognize this type of access as inappropriate.[1] The Court should therefore deny the motion to compel further responses on Tessera's Interrogatory No. 1 in relation to the Interconnect Patents.

## I. The Circuit Patents ('046 and '699 Patents).

Tessera moves to compel in relation to Broadcom's ▮ designs. Specifically, Tessera demands that (1) Broadcom identify unaccused ▮ products in connection with Interrogatory No. 1, and (2) Broadcom produce circuit schematics for unaccused ▮ and ▮ circuits for Broadcom's entire ▮ product line. As to these patents, in contrast to the foregoing "Interconnect Patents," Tessera does not tie its request to specific product features. Rather, Tessera's entire rationale is based on the tear down of two products. Based on those tear downs, Tessera claims that unaccused products are reasonably similar to the accused products because ▮ ▮. This is not only a legally insufficient reason to justify discovery on unaccused products, it is also wrong as a factual matter. In light of these flaws, and the large burdens associated with collecting the circuit schematics, the Court should deny this request.

A plaintiff seeking discovery on "reasonably similar" products must "articulate, in a focused, particularized manner, the characteristics or component that the unaccused products must have in order to suggest that they may infringe the patents-in-suit[.]" *Invensas*, 287 F.R.D.

---

[1] *In re Ford Motor Co.*, 345 F.3d 1315, 1316–17 (11th Cir. 2003) (vacating the lower court's order granting direct access to adversary's databases without proof of discovery abuses); *see also Thompson v. Workmen's Circle Multicare Ctr.*, 2015 WL 4591907, at *2 (S.D.N.Y. June 9, 2015); *Cain v. City of New Orleans*, 2016 WL 7156071, at *8 (E.D. La. Dec. 8, 2016).

The Honorable Christopher J. Burke
June 12, 2017
Page 3

at 282. A plaintiff cannot demand discovery on unaccused products based on mere suspicion or speculation. *Id*. For example, a plaintiff may not tear down three products and demand discovery on 12 unaccused products with no technical justification. *Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, No. 04–1337–KAJ, 2005 WL 3988905 at *1 n. 2 (D. Del. Oct. 7, 2005).

Here, Tessera has broken down only two ▬ products, and now fishes for discovery on Broadcom's entire ▬ product line, which consists of over ▬ discrete products during the relevant time period. But Tessera makes no effort to carve out "reasonably similar" products. Instead, Tessera seeks discovery against *the entire functional class of products*, without articulating any technical reason why all products in the class share similar ▬ circuit designs. For example, Tessera makes no effort to tie the accused designs to the ▬. Instead, Tessera merely alleges that ▬

In fact, Tessera's assumption about ▬ is mistaken. ▬ . (*See* Exhibit 2, Leng Declaration at ¶¶ 4-6.)

Tessera's short-cut approach to discovery was rejected in *SPH Am., LLC v. Research in Motion, Ltd* 2016 WL 6304510, at *2 (S.D. Cal. June 30, 2016). There, the plaintiff listed over 50 chipset in its infringement contentions, and sought discovery encompassing additional unaccused chipsets because they practiced four wireless industry standards, including the ▬ standard. *Id*. at *1-2. The court rejected the plaintiff's attempt to have the court "subsidize its pre-suit investigation" by allowing discovery on unaccused chipsets, finding the plaintiff failed to justify the additional discovery. *Id*. at *3. Tessera also acts no differently from the plaintiff in *Honeywell*, who attempted to seek discovery against unaccused products despite investigating only a fraction of products on the market. *Honeywell*, 2005 WL 3988905 at *1. Both trial courts in the above cases rejected Tessera's approach, and this Court should do the same.

Perhaps most relevant in rejecting this request, the sought after discovery would be extraordinarily burdensome. ▬ In an attempt to accommodate Tessera's overreaching request, Broadcom has agreed to investigate ▬ products that ▬ . To date, Tessera has refused this compromise, and has demanded documents for every single ▬ product. Given the burdens involved and the

The Honorable Christopher J. Burke
June 12, 2017
Page 4

lack of support for this demand, Tessera's speculative request for information on all Broadcom ▮ products is unjustified and disproportionate, and should be rejected.

    II.    **The '076 Patent and the Packaging Patents ('215 and '605 Patents).**

        Again pursuing an issue not ripe for resolution, Tessera moves to compel on Interrogatory No. 1 for further identification of unaccused products in relation to the '076 Patent, the '215 Patent, and the '605 Patent. More specifically, Tessera demands that Broadcom (1) identify unaccused products packaged using the same ▮ that package the '076 patent accused products; and (2) identify unaccused products that use the same ▮ as the '215 Patent and '605 Patent accused products.

        Tessera, however, never raised these issues at meet and confer, which means they are not ripe for resolution by this Court. Fed. R. Civ. P. 37(a)(1), L.R. 7.1.1, and this Court's Scheduling Order (D.I. 41 at ¶8(h)) require a party to meet and confer in good faith before moving to compel. Yet in the discovery letters giving rise to this dispute, Tessera never mentioned unaccused products related to either ▮ or ▮. (Exhs. 3, 4, 5, and 6.)[2] Nor did Tessera raise this issue on the telephone conference between the parties. The only issue Tessera in its brief actually raised in relation to Interrogatory No. 1 is the ▮ issue addressed above in relation to the '563 and '001 Patents. (Exh. 5.)

        By failing to properly raise this issue, Tessera has made it impossible for Broadcom to fully respond. Interrogatory No. 1 is extremely broad, and does not specifically call for the information now sought. Thus, Broadcom never had the opportunity to even evaluate the burdens associated with the request. To grant a motion to compel at this time risks extreme prejudice.

        Tessera's request is also flawed on the merits. In relation to both issues, Tessera submits that the ▮ and ▮ prove that Broadcom has information about the ▮ used by its vendors. Tessera is incorrect.
▮

        Finally, Tessera again brings up access to Agile, but this is improper at this stage for the same reasons stated above.

    For all these reasons, the Court should deny Tessera's motion to compel.

---

[2] In Tessera's March 31, 2017 letter, Tessera generally complained that Broadcom relied on Rule 33(d) to identify documents, but did not specify any issue related to unaccused products. (Exh. 3 at 1-2.) Tessera's April 28, 2017 letter then identified its complaint about Broadcom's production in relation to identify products reasonably similar to the ▮ products accused of infringing the '001 and '563 Patent. (Exh. 5 at 1-2.)

The Honorable Christopher J. Burke
June 12, 2017
Page 5

                                        Respectfully submitted,

                                        YOUNG CONAWAY STARGATT &
                                          TAYLOR, LLP

                                        /s/ *Adam W. Poff*
                                        Adam W. Poff (No. 3990)
                                        Pilar G. Kraman (No. 5199)
                                        Rodney Square
                                        1000 North King Street
                                        Wilmington, Delaware  19801
                                        (302) 571-6600
                                        apoff@ycst.com
                                        pkraman@ycst.com

69451357V.1

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on June 16, 2017, I caused to be electronically filed a true and correct copy of the foregoing sealed document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following counsel of record:

>Brian E. Farnan, Esquire
>Michael J. Farnan, Esquire
>Farnan LLP
>919 North Market Street, 12th Floor
>Wilmington, DE 19801
>*bfarnan@farnanlaw.com*
>*mfarnan@farnanlaw.com*
>
>*Attorneys for Plaintiffs*

I further certify that on June 16, 2017, I caused a true and correct copy of the foregoing sealed document to be served by e-mail on the above-listed counsel of record, and on the following:

>Robert T. Haslam, Esquire
>Anupam Sharma, Esquire
>Thomas E. Garten, Esquire
>Devon Mobley-Ritter, Esquire
>Covington & Burling LLP
>333 Twin Dolphin Drive, Suite 700
>Redwood Shores, CA  94065-1418
>
>Michael K. Plimack, Esquire
>Nitin Subhedar, Esquire
>Dale A. Rice, Esquire
>Covington & Burling LLP
>One Front Street
>San Francisco, CA  94111-5356

01:18901755.1

Laura E. Muschamp, Esquire
Christopher K. Eppich, Esquire
Kathryn Garcin, Esquire
Covington & Burling LLP
1999 Avenue of the Stars
Suite 1500
Los Angeles, CA 90067-6045

Rajesh Paul, Esquire
Christopher T. Zirpoli, Esquire
Marianna Jackson, Esquire
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956

*Tessera-Broadcom@cov.com*

          YOUNG CONAWAY STARGATT
           & TAYLOR, LLP


          */s/ Adam W. Poff*
          Adam W. Poff (No. 3990)
          Pilar G. Kraman (No. 5199)
          Rodney Square
          1000 North King Street
          Wilmington, Delaware 19801
          (302) 571-6600
          *apoff@ycst.com*
          *pkraman@ycst.com*

          *Attorneys for Defendant*

2