IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESSERA, INC. and TESSERA ADVANCED TECHNOLOGIES, INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. 16-380-LPS-CJB |
| BROADCOM CORPORATION, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

The Court has reviewed the parties' letters related to the discovery disputes brought by Plaintiffs Tessera, Inc. and Tessera Advanced Technologies, Inc. (collectively, "Plaintiffs"), (D.I. 123), and has considered the arguments raised during the June 14, 2017 teleconference ("teleconference"). It HEREBY ORDERS as follows:

**United States Patent Nos. 6,284,563 and 6,954,001**

1.  Plaintiffs' request is DENIED as it pertains to United States Patent Nos. 6,284,563 (the "'563 Patent") and 6,954,001 (the "'001 Patent").

2.  Defendant Broadcom Corporation ("Defendant") has raised three reasons why Plaintiffs' current infringement contentions and charts do not provide it with sufficiently particularized information, so as to allow it to assess which non-specifically-accused products have the same attributes as the specifically-accused product—namely, the attributes relating to the "array of contacts" and "bond ribbon" limitations of claim 1 of the '563 Patent, or the "diffusion layer" recited in the '001 Patent. (*See* D.I. 130 at 1-2); *see also Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 282 (D. Del. 2012). In light of the arguments made by Defendants' counsel during the teleconference, the Court agrees that there is still sufficient

uncertainty as to how the unaccused products would be relevant to Plaintiffs' existing claims of infringement (e.g., how they would be "reasonably similar" to the accused products at issue), *Invensas*, 287 F.R.D. at 282, with regard to these limitations. This justifies denial of Plaintiffs' request. If, in the future, Plaintiffs provide greater specificity to Defendant as to what characteristics an unaccused product would have such that it would satisfy these limitations, Plaintiffs may reiterate their request for information about non-specifically-accused products that allegedly infringe these two patents.

### United States Patent Nos. 5,666,046 and 6,043,699

3. Plaintiffs' request as to United States Patent Nos. 5,666,046 and 6,043,699 is DENIED.

4. The Court is not necessarily convinced that (as Defendant suggests) Defendant does not have enough information to understand which of its unaccused products share "the same or reasonably similar circuitry[,]" (D.I. 127 at 2), as the two specifically-accused products. After all, Defendant must have understood what constitutes such circuitry well enough, since [REDACTED]

[REDACTED]

5. However, as to the additional "over 100 discrete products" from Defendant's entire 802.11 product line that are also at issue here, (D.I. 130 at 3), the Court has little information as to whether, in fact, all or any such products do in fact share the same relevant circuitry as the two specifically-accused products. Moreover, the Court must also consider "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). And there, as to the "over 100 discrete products," the un-rebutted evidence of

2

record indicates that Defendant would face a significant burden were it required to prepare the relevant schematics for review and/or to assess whether the relevant circuit's design is the same or similar as the accused design. (D.I. 130, ex. 2 at ¶¶ 9-10) On this score, if Plaintiffs' request had been targeted toward a smaller number of specifically-unaccused products, or if Plaintiffs had information that called into question the magnitude of the burden that Defendant says it would face, perhaps the outcome would be different.

6. With regard to the ▬▬▬▬▬, by no later than **June 30, 2017**, Defendant shall confirm to Plaintiffs whether or not these products share the same circuit design as do the two specifically-accused products. (D.I. 130 at 3) If they do, Defendant shall thereafter respond to relevant pending discovery requests relating to such products.

### United States Patent Nos. 6,046,076, 6,080,605, and 6,218,215

7. The Court agrees with Defendant that the parties have not satisfied the Court's meet-and-confer requirements as to the specific disputes raised regarding United States Patent Nos. 6,046,076, 6,080,605, and 6,218,215. By no later than **June 23, 2017**, the parties shall have verbally met-and-conferred as to these specific disputes, and shall submit a joint letter informing the Court as to the status of those disputes.

8. Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the order. Any such redacted version shall be submitted no later than **June 23, 2017** for review by the Court, along with a detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786

3

(3d Cir.1994) (internal quotation marks and citation omitted). The Court will subsequently issue a publicly-available version of its Memorandum Order.

Dated: June 16, 2017

                                      */s/ Christopher J. Burke*
                                      Christopher J. Burke
                                      UNITED STATES MAGISTRATE JUDGE

4