# FARNAN LLP

June 20, 2017

**VIA E-FILING**
The Honorable Christopher J. Burke
United States Magistrate Judge
United States District Court
District of Delaware
844 North King Street, Unit 28
Wilmington, Delaware 19801

**PUBLIC VERSION**

**OUTSIDE COUNSEL'S EYES ONLY**

Re: ***Tessera, Inc. and Tessera Advanced Technologies, Inc. v. Broadcom Corporation***, Civil Action No. 16-cv-380-LPS-CJB

Dear Judge Burke:

    We write in response to Broadcom's letter brief, filed with the Court yesterday at the close of business. D.I. 135. As an initial matter, we note that Broadcom's request "that the Court amend its June 17 Order" is a *de facto* motion for reconsideration. Broadcom failed to satisfy the Court's meet-and-confer requirement and failed to make the application by motion in violation of the D. Del. LR 7.1.1 and 7.1.2 and Paragraph 19 of the Scheduling Order (D.I. 41). Accordingly, the Court has grounds to deny Broadcom's request without further consideration.

    Should the Court consider Broadcom's request, Tessera objects to Broadcom's attempt to circumvent discovery on ▮▮▮▮▮ products that Broadcom's own engineer identified as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[1] Indeed, further analysis of these ▮▮ products was Broadcom's own suggestion as a compromise to avoid the burden of locating and identifying all potentially infringing 802.11 products using the accused circuitry. Tessera understood that the identified ▮▮▮▮▮ were those for which circuit schematics have already been retrieved, and for which some initial analysis had already been performed. Indeed, the Court observed that Broadcom "must have understood what constitutes such circuitry well enough, since it was recently able to identify ▮ of its non-specifically-accused products" as substantially similar candidates. Order, ¶ 4. Based on these representations, the Court ordered Broadcom to confirm by June 30, 2017 whether or not ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Order, ¶ 6.

    Broadcom now complains that it is "not possible" to do so, and proposes modifying the Order not only with respect to the *date* of compliance, but also limiting the scope of work to only ▮▮▮▮▮▮▮ products of Broadcom's choosing. Broadcom's representation that it would take "up to ▮▮▮ hours of ▮▮▮▮ time per chip" (emphasis in original) simply

---

[1] Broadcom first represented to Tessera that it identified ▮▮▮▮ products during a May 25 meet-and-confer. The following day, Broadcom stated in correspondence that it had been "continuing its investigation into additional products" and would provide this information in an Interrogatory response "by June 9." *See* May 26, 2017 Ltr. from Lange to Zirpoli.

919 N. MARKET STREET, 12TH FLOOR, WILMINGTON, DE 19801
PHONE: (302) 777-0300 • FAX: (302) 777-0301 • WWW.FARNANLAW.COM

**OUTSIDE COUNSEL'S EYES ONLY**

to confirm ■■■ that has *already been identified* appears to contradict Mr. Leng's declaration submitted with Broadcom's response. There, Mr. Leng stated that it would take ■■ "■■■■■■" chip. Leng Decl., ¶ 10 (emphasis added). Furthermore, Mr. Leng also represented that the identified ■ products are ■■■■■■. Mr. Leng represented that he is knowledgeable about the requested circuitry having been a member of the power management unit design team for 16.25 years, Leng Decl. at ¶3, and the ■ schematics Broadcom identified as ■■■■ are highly relevant based on Mr. Leng's personal familiarity with the power management units in the 802.11 products. Even if Mr. Leng relied on his recollection in the first instance, Broadcom had an educated basis for selecting ■ products out of "over ■ discrete products" and surely conducted at least a preliminary review of the circuitry in the products before informing Tessera and the Court that it had identified ■ other products that ■■■■■■ products torn down by Tessera.

Further, Broadcom has been aware since the inception of this litigation that Tessera was accusing all products having the same or similar circuitry. Broadcom specifically requested an early detailed identification of the accused circuitry, which Tessera provided on October 25, 2016, so that Broadcom could provide a meaningful core document collection. To the extent Broadcom has failed to take any action until now to identify products using the same circuitry, Tessera should not be further prejudiced by Broadcom's continued delay.

There is simply no basis to limit the Court's Order to just ■■ products of Broadcom's choosing. Tessera is entitled to confirmation on ■ products by June 30, but should the Court entertain any modification to its order, any revision should include a date certain by which Broadcom will produce all ■ schematics to Tessera with an initial production of at least ■ schematics by June 30.

Counsel are available at the Court's convenience should Your Honor have any questions.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Mail)